# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EDWIN R. PETROWSKY, and LISA L.
PETROWSKY,

    *Plaintiffs,*

vs.

    Case No. 17-1043-EFM-KGG

NEXTERA ENERGY RESOURCES, LLC,
et al.,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Edwin Petrowsky opposes the erection of wind towers anywhere in the Aransas-Wood Buffalo migratory population flyway. He does so because whooping cranes migrate through that flyway during several months each year. With that in mind, Petrowsky brings this citizen suit under the Endangered Species Act ("ESA"). He asserts that Defendant NextEra Energy Resources, LLC, and several of its subsidiaries are responsible for the erection of dangerous wind towers and accordingly, he seeks injunctive relief. Before the Court is NextEra's motion to dismiss (Doc. 19). NextEra contends that the Court lacks subject matter jurisdiction because Petrowsky failed to comply with the ESA's requirement that he notify each of its subsidiaries prior to bringing suit. Additionally, NextEra argues that it is not a proper

Defendant in this case because it does not directly own or operate the wind farms in question. For the reasons stated below, the Court grants NextEra's Motion to Dismiss.

## I. Factual and Procedural Background

This case relates to wind energy farms located in Pratt and Kingman Counties in Kansas. Edwin Petrowsky contends that those wind farms pose an imminent threat to the whooping crane—an endangered species. He asserts that the wind farms are located in the Aransas-Buffalo Wood migratory flyway, through which whooping cranes migrate annually. According to Petrowksy, whooping cranes will be killed or injured if they contact the blades of the wind turbines that make up these wind farms. Petrowsky believes that NextEra is responsible for these perceived violations of the ESA, and he seeks injunctive relief. Petrowsky ultimately requests a permanent injunction against the construction of wind farms in the Aransas-Buffalo Wood flyway, and an order to dismantle those that have already been erected.

This is actually the second case that Petrowsky has filed against NextEra. In November 2016, Petrowsky filed his first ESA suit against NextEra. As with the instant case, he sought injunctive relief related to the alleged construction of wind towers by NextEra. NextEra filed a motion to dismiss, arguing that Petrowsky had failed to comply with the ESA's notice requirement. Under the ESA, a citizen suit may not be commenced "prior to sixty days after written notice of the violations has been given to the Secretary [of the Interior], and to any alleged violator of any such provision or regulation."[1] Petrowsky admitted that he had not provided such notice, and the case was dismissed. During the briefing in the first case, NextEra

---

[1] 16 U.S.C. § 1540(g)(2)(A)(i).

represented in a footnote that Petrowsky had not identified the proper defendant without elaborating further.

Petrowsky proceeded to send notice to both NextEra and the Secretary of the Interior. In that letter, dated December 6, 2016, Petrowsky asserted that NextEra was violating the ESA by constructing and operating wind farms in areas that will take whooping cranes without having obtained an incidental take permit. The letter was sent via certified mail to both the Secretary of the Interior and NextEra's registered agent. More than 60 days later, on February 21, 2017, Petrowsky filed the instant action.

NextEra moved to dismiss Petrowsky's Complaint, asserting in relevant part that NextEra was not a proper defendant. Rather, NextEra represented that its subsidiaries—Ninnescah Wind Energy LLC, Kingman Wind Energy I LLC, and Kingman Wind Energy II LLC—were the proper defendants. NextEra noted that it "does not directly own or operate any wind turbines in Kansas." Instead, NextEra asserts that the above-named subsidiaries developed, constructed, own, and operate the wind farms in question, and are the proper defendants in this case.[2] In response to NextEra's first motion to dismiss in this case, Petrowsky filed an Amended Complaint. The Amended Complaint added Lisa Petrowsky as a plaintiff. It also added as defendants the subsidiaries that NextEra had identified in its motion to dismiss (the "NextEra Subsidiaries").[3]

---

[2] Specifically, Ninnescah Wind Energy LLC operates a 21,000 acre site located southeast of the city of Pratt in Pratt County, Kansas; Kingman Wind Energy I LLC operates a 10,000 acre site located southwest of the city of Kingman in Kingman, County, Kansas; and Kingman Wind Energy II LLC operates a 10,000 acre site also located southwest of Kingman.

[3] The Amended Complaint also added parties that NextEra did not identify earlier: NextEra Capital Holdings, Inc., Pratt Wind, LLC, NextEra Energy, Inc., Kingman Wind Holding I, LLC, Kingman Wind Holding II, LLC, and ESI Energy, LLC. The Court will consider them along with the NextEra Subsidiaries because the analysis applies equally to them.

Notably, the Amended Complaint did not remove NextEra—the original defendant—from the case. Petrowsky still alleges that NextEra, together with the NextEra Subsidiaries, is violating the ESA. Specifically, he asserts that NextEra representatives initiated the project by drafting an environmental impact statement and gaining approval for the wind farm projects from the Pratt County Commissioners. He also alleges that NextEra has exercised a degree of control over the projects. Furthermore, he contends that the NextEra Subsidiaries are merely NextEra's alter egos, and as such, NextEra should be held liable for their conduct.

However, many of Petrowsky's allegations are confined to certain subsidiaries. For example, he alleges that after the Pratt County Commission approved the wind project, "Ninnescah Wind Energy, LLC began construction. Ninnescah Wind Energy, LLC has finished construction of the farm and it began producing power in December." He asserts that whooping cranes are present "where Ninnescah Wind Energy, LLC eventually built wind turbines and where Pratt Wind, LLC plans to build wind turbines." Petrowsky also alleges that he had informed county commissioners that "the Ninnescah Wind Energy, LLC farm was now violating the Endangered Species Act and that the Pratt Wind, LLC farm would violate it" in the future. Elsewhere in his Amended Complaint, he again asserts that "whooping cranes regularly use the area where the Ninnescah Wind Energy, LLC; Kingman Wind Energy I, LLC, and Kingman Wind Energy II, LLC wind farms sit."

In his Amended Complaint, Petrowsky alleges that when he sent notice to NextEra and the Secretary of the Interior, he did not know about the NextEra Subsidiaries. Nevertheless, the Amended Complaint alleges that the notice "was specific enough" to put NextEra on notice that its subsidiaries were violating the ESA. He asserts that neither NextEra nor its subsidiaries have received an incidental take permit from the Secretary of the Interior. The relief he seeks is a

temporary restraining order, and ultimately, a permanent injunction against the erection of any wind towers within the Aransas-Wood Buffalo flyway. Further, he asks that the Court order the dismantling of any towers that are currently violating the ESA. Although his sought remedies address *any* wind farm in the Aransas-Wood Buffalo flyway and *any* wind towers that are violating the ESA, his factual allegations all revolve around wind farms located in Pratt or Kingman County.

The Amended Complaint mooted NextEra's first motion to dismiss, but NextEra has since filed a motion to dismiss the Amended Complaint, which is now before the Court. NextEra notes that Petrowsky did not send his 60-day notice to any of the NextEra Subsidiaries. For that reason, NextEra contends that the Court lacks subject matter jurisdiction over Petrowsky's claims against its subsidiaries. And because the Court lacks such jurisdiction, NextEra further argues that the case against NextEra should also be dismissed because there would be no underlying claim in which Petrowsky could attempt to pierce the corporate veil. Alternatively, NextEra renews its argument that it is not a proper Defendant in this case. Petrowsky disagrees, arguing that the letter he sent to NextEra satisfied the ESA's notice requirement with respect to the NextEra Subsidiaries. Thus, he contends that the Court has subject matter jurisdiction, and his case should be allowed to proceed.

## II. Discussion

### A. Subject Matter Jurisdiction

NextEra argues that the Court lacks subject matter jurisdiction over Petrowsky's claims against the NextEra Subsidiaries. NextEra contends that those subsidiaries are not its alter egos; rather, NextEra and its subsidiaries are distinct entities. But NextEra fails to explain how it has standing to argue a 12(b)(1) motion on behalf of its separate and distinct subsidiaries.

Nevertheless, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.' "[4] If the Court determines that it lacks subject matter jurisdiction, it must sua sponte dismiss the action.[5]

The ESA's 60-day notice requirement is jurisdictional and the Court lacks subject matter jurisdiction where a plaintiff has failed to comply.[6] Therefore, to adequately plead subject matter jurisdiction, Petrowsky's Amended Complaint must show compliance with the 60-day notice requirement. The notice requirement is to be construed strictly.[7] Indeed, the Tenth Circuit has dismissed a plaintiff for failing to satisfy the Clean Water Act's similar notice requirement where another plaintiff had already put the defendant on notice of the claims against it.[8] Constructive notice will not satisfy the ESA's notice requirement: strict compliance is required.[9]

With that in mind, the Court first dismisses Lisa Petrowsky as a plaintiff. Her name is not included in the notice that was sent to NextEra, and there is no allegation that she separately sent such notice. Each individual plaintiff must provide notice to satisfy the ESA's notice

---

[4] *1mage Software Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006)).

[5] *Arbaugh*, 546 U.S. at 514.

[6] *See Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation,* 143 F.3d 515, 520 (9th Cir. 1998) (noting that the ESA's "sixty-day notice requirement is jurisdictional.").

[7] *Forest Guardians v. U.S. Bureau of Reclamation*, 462 F. Supp. 2d 1177, 1183 (D. Kan. 2006) (noting "both the Supreme Court's and the Tenth Circuit's admonition that the sixty-day notice provision be construed strictly.").

[8] *N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 833 (10th Cir. 1996).

[9] *Building Indus. Ass'n of S. Cal., Inc. v. Lujan*, 785 F. Supp. 1020, 1021 (D.D.C. 1992) ("The Court finds this constructive notice argument unpersuasive.").

requirement.[10]  Because Lisa did not send such notice, the Court lacks subject matter jurisdiction over any ESA claim she may have.

As for Petrowsky, he asserts that his notice to NextEra satisfies the ESA's notice requirement as to the NextEra Subsidiaries because the notice "was specific enough . . . to put both NextEra and the Department of the Interior on notice" that the subsidiaries were violating the ESA.  But as noted above, constructive notice will not satisfy the ESA's notice requirement.  Accordingly, the Court rejects that argument.  However, Petrowsky also alleges that the NextEra Subsidiaries are merely NextEra's alter egos.  "Generally, the separate corporate status of a parent corporation and its subsidiary will be recognized."[11]  But in certain circumstances, "[o]ne corporation may be the alter ego of another corporation; thus, the two corporations will be treated as one."[12]  Therefore, if Petrowsky has adequately alleged alter ego liability, then he has also adequately alleged subject matter jurisdiction, because in such a circumstance, providing notice to NextEra also provides notice to the NextEra Subsidiaries.

Allegations of alter ego liability are governed by the liberal notice standard of Rule 8(a).[13]  The Court looks at two factors in determining whether to pierce the corporate veil under an alter ego doctrine: (1) whether there is such unity of interest and lack of respect given to the separate identities of the corporations as to render the entities indistinct; and (2) whether adherence to the corporate fiction would sanction fraud, promote injustice, or lead to an evasion

---

[10] *See N.M. Citizens for Clean Air & Water*, 72 F.3d at 833.

[11] *McKinney v. Gannett Co.*, 817 F.2d 659, 665-66 (10th Cir. 1987).

[12] *Id.* at 666.

[13] *Kan. Penn Gaming, LLC v. HV Props. of Kan. LLC*, 2012 WL 2359417, at *4 (D. Kan. 2012) (quoting *Wiebe v. Benefits Mgmt. Corp.*, 1993 WL 246096, at *1 (D. Kan. 1993)).

of legal obligations.[14] A plaintiff can plead alter ego liability by alleging the parent company exercised dominion and control over the subsidiary or disregarded legal formalities.[15] Furthermore, the alter ego doctrine is one of equity.[16] Therefore, its application is only appropriate if it appears from the plaintiff's allegations that some inequity could result from the misuse of the corporate form.[17] "Courts generally apply the alter ego rule with great caution and reluctance."[18]

Even accepting his allegations as true, and construing his pro se pleadings liberally, the Court cannot conclude that Petrowsky's allegations warrant application of the alter ego doctrine. In his Amended Complaint, Petrowsky alleges that NextEra has "exercised control over the project, spoken with citizens in Kansas, and acted in other ways as to be liable on alter ego and other theories that allow piercing the corporate veil." Whether or not NextEra representatives spoke with citizens in Kansas is irrelevant to the issue of alter ego liability. And the assertion that NextEra has "acted in other ways" as to be liable as an alter ego is a conclusory allegation to which the Court affords no weight.[19] That leaves the Court with Petrowsky's assertion that NextEra has "exercised control" over the project, but he fails to explain the extent of that control. Nor does Petrowsky allege a lack of respect displayed for the separate identities of NextEra and its subsidiaries. Rather, his allegations seem to recognize the distinction between NextEra and

---

[14] *NLRB v. Greater Kan. City Roofing*, 2 F.3d 1047, 1052 (10th Cir. 1993).

[15] *White v. Midwest Office Tech., Inc.*, 979 F. Supp. 1354, 1357 (D. Kan. 1997).

[16] 1 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations*, § 41.25.

[17] *Greater Kan. City Roofing*, 2 F.3d at 1053.

[18] 1 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations*, § 41.10.

[19] *Shue v. Laramie Cty. Det. Ctr.*, 594 F. App'x 941, 943 (10th Cir. 2014) (quoting *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006)) (noting that the Court accepts well-pleaded facts, but not conclusory allegations, as true).

its subsidiaries. At one point, the Amended Complaint states that "the Pratt County Commission approved the wind project and *Ninnescah Wind Energy, LLC began construction. Ninnescah Wind Energy, LLC has finished construction* of the farm and it began producing power in December (emphasis added)." In that allegation, Petrowsky asserts that Ninnescah, not NextEra, constructed and operates the wind farm in question. In several other instances, he alleges that a subsidiary, and not NextEra, is the party presently violating the ESA.

Petrowsky also refers to a PowerPoint presentation that was allegedly cited during a Pratt County Commissioners' meeting. And although NextEra opposes reference to the document, it also fails to support Petrowsky's claim of alter ego liability. The presentation stated that "Ninnescah Wind Energy, LLC, a subsidiary of NextEra Energy Resources, LLC" is requesting approval for a wind energy project. In seeking approval, NextEra represented that it owns and operates over 100 wind projects in North America. But the presentation did not suggest that NextEra would actually be constructing or operating the Ninnescah wind farm. Rather, although the presentation conveyed that NextEra is Ninnescah's parent, and was active in gaining approval of the project, it also clearly stated that it represents "Ninnescah Wind Energy, LLC['s] (Ninnescah or the Applicant) request for final approval of a Commercial Wind Energy Project."

Ultimately, Petrowsky's alter ego argument turns on the following allegations: that NextEra is the sole owner of its subsidiaries, exercised some control over the projects, and that it helped gain approval for the construction and operation of the various wind farms.[20] That is not enough.[21] The Amended Complaint does not allege a total unity of interest or that the parties

---

[20] The conclusory and vague assertion that NextEra "acted in other ways as to liable on alter ego and other theories" plays no role in the Court's consideration.

[21] *Cf. Kan. Penn Gaming, LLC*, 2012 WL 2359417, at *4 (determining that the plaintiff had sufficiently alleged alter ego liability where the plaintiff "alleged that the individual defendants are the sole owners of [the

acted in a way that would render them indistinct. Rather, the face of the Amended Complaint recognizes a distinction between NextEra and the NextEra Subsidiaries. Even if that distinction is a legal fiction, it will be upheld as long as the parties follow the technical rules that govern corporate structures.[22] Petrowsky's allegations simply do not demonstrate an abuse or misuse of corporate forms. Accordingly, they do not warrant a departure from the general principle of respect for the separate corporate status of a parent and its subsidiaries. For that reason, Petrowsky has not alleged alter ego liability, and therefore, his notice to NextEra did not constitute notice to the NextEra Subsidiaries. As such, the Court dismisses Petrowsky's claims against the NextEra Subsidiaries for lack of subject matter jurisdiction.

**B.  NextEra's Motion to Dismiss**

Having rejected Petrowsky's allegations of alter ego liability, the Court turns to the question of whether NextEra is directly in violation of the ESA. NextEra contends that it is not violating the ESA because it does not own or operate the wind farms in question. For that reason, NextEra contends it is not a proper defendant in this case.[23]

NextEra asserts that Petrowsky has misidentified the party that he believes is violating the ESA by constructing and operating Kansas wind farms. In making these assertions, NextEra relies on four exhibits attached to its motion to dismiss. Those exhibits are (1) a public filing filed with the Kansas State Corporation Commission; (2) a public resolution passed by the Pratt

---

corporation] . . . and that each of the individual defendants 'have exercised *complete and unfettered domination and control*' over [the corporation].") (emphasis added).

[22] *Greater Kan. City Roofing*, 2 F.3d at 1052 ("There are strong public policy reasons for upholding the corporate fiction. Where stockholders follow the technical rules that govern the corporate structure, they are entitled to rely on the protections of limited liability that the corporation affords.").

[23] NextEra's motion incorporates this argument made in its earlier motion to dismiss that was ultimately rendered moot.

County Board of Commissioners; (3) a public resolution passed by the Kingman County Board of Commissioners; and (4) NextEra's Reply to Petrowsky's Response to NextEra's Motion to Dismiss in the first case the Petrowsky filed in 2016, and ultimately, dismissed in early 2017.

Normally when considering a Rule 12(b)(6) motion, the Court will not look beyond the facts alleged in the complaint.[24] Typically, the Court must convert a 12(b)(6) motion into a motion for summary judgment to consider matters outside of the complaint.[25] But the Court "may consider facts subject to judicial notice—including facts that are a matter of public record, such as documents filed in other litigation—without converting a motion to dismiss into a motion for summary judgment."[26] For that reason, the Court will take judicial notice of the reply that NextEra filed in its previous case with Petrowsky. That document establishes that in the earlier case, NextEra suggested that it was not the proper defendant.

The Court will also take judicial notice of the resolutions passed by the Pratt and Kingman County Boards of Commissioners, although the Pratt County document has no probative value. "Courts often take judicial notice of various public records, including legislative committee reports and publications made by various administrative agencies."[27] Federal Courts have also taken judicial notice of resolutions passed by local governments.[28] Here, the public resolutions of the county boards are matters of public record and may be

---

[24] *MacArthur v. San Juan Cty.*, 309 F.3d 1216, 1221 (10th Cir. 2002) (citing *Dean Witter Reyonlds, Inc. v. Howsam*, 261 F.3d 956, 960 (10th Cir. 2001)).

[25] *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998).

[26] *Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015).

[27] *Valiente v. Dineequity, Inc.*, 2009 WL 1226743, at * 1 (D. Kan. 2009).

[28] *Jones v. Markiewicz-Qualkinbush*, 842 F.3d 1053, 1062 n.24 (7th Cir. 2016) ("We may take judicial notice of the City Council's meeting minutes because they are a document in the public record."); *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 696 n.3 (S.D.N.Y. 2011) ("[T]he minutes and recordings of the City Council meetings are matters of public record and therefore are the types of materials of which a court may take judicial notice.").

judicially noticed by the Court. Similarly, the Court can take judicial notice of the public document filed with the Kansas State Corporation Commission, which can be accessed online.[29]

Petrowsky's Amended Complaint, especially when considered in light of NextEra's exhibits, fails to demonstrate how NextEra is a proper defendant in this case. As noted above, Petrowsky fails to allege alter ego liability. Therefore, NextEra cannot be held responsible for the conduct of the NextEra Subsidiaries; it can only be held liable for its direct actions. In his Amended Complaint Petrowsky recognizes that the subsidiaries, and not NextEra, are the ones actually operating the various wind farms. He refers to the wind farms as the "Ninnescah Wind Energy, LLC; Kingman Wind Energy I, LLC; and Kingman Wind Energy II, LLC, wind farms." Elsewhere, he notes that the "Ninnescah Wind Energy, LLC farm" was violating the ESA and that "the Pratt Wind, LLC farm" would soon follow suit. Petrowsky's Amended Complaint seems to accept that the subsidiaries, and not NextEra, actually constructed and operate the wind farms in question. And NextEra's exhibits support that inference as well. The conduct that Petrowsky attributes to NextEra is that its representatives were instrumental during the time leading up to the approval of the wind farm projects. He asserts that NextEra purchased the wind farm projects, lobbied for approval of the projects, and made misrepresentations during the time leading up to construction of the wind farms. But it seems undisputed that the NextEra Subsidiaries are the parties that constructed, own, and operate the challenged wind farms.

The ESA provides that a citizen may bring suit "to enjoin any person . . . who is alleged to be in violation" of the ESA.[30] And an injunction is precisely what Petrowsky seeks. But

---

[29] *JP Morgan Tr. Co. Nat'l Ass'n v. Mid-America Pipeline Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006) (noting that the Court can take judicial notice of documents filed with the Delaware Secretary of State); *see also Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) ("We conclude that the accuracy of these public records contained on the Mississippi Secretary of State's and the Virginia State Corporation Commission's website cannot reasonably be questioned.").

injunctive relief can only be granted against a party that is actually violating the ESA. Here, the Amended Complaint and NextEra's exhibits demonstrate that the NextEra Subsidiaries are the entities that are allegedly violating the ESA by constructing and operating the wind farms. While NextEra may have played a role in the events leading up to the construction of the wind farms, they are not currently operating or constructing those farms. NextEra's role in the construction of the wind farms cannot remedied in an ESA citizen's suit. By suing NextEra, Petrowsky is seeking an injunction ordering NextEra to cease operation and construction of wind farms that it is neither operating nor constructing. Accordingly, NextEra is not a proper defendant in this action, and the Court grants its motion to dismiss.

## IV. Conclusion

For the Court to have subject matter jurisdiction over the NextEra Subsidiaries, Petrowsky was required to comply with the ESA's 60-day notice requirement. Thus he was required to notify each of the NextEra Subsidiaries prior to initiating this action. Petrowsky failed to do so; he only notified NextEra. And although Petrowsky argues that his notice to NextEra constituted notice to the NextEra Subsidiaries as well, his allegations do not warrant the application of the alter ego doctrine. Accordingly, the Court sua sponte dismisses Petrowsky's action against NextEra Capital Holdings, LLC, Kingman Wind Energy I, LLC, Kingman Wind Energy II, LLC, Ninnescah Wind Energy, LLC, Pratt Wind, LLC, NextEra Energy, Inc., Kingman Wind Holding I, LLC, Kingman Wind Holding II, LLC, and ESI Energy, LLC. The Court lacks subject matter jurisdiction over the ESA claims against any of those defendants. The Court also sua sponte dismisses Lisa Petrowsky as a plaintiff; the Court lacks subject matter

---

[30] 16 U.S.C. § 1540(g)(1)(A).

jurisdiction over any claims she may have because she failed to allege compliance with the ESA's 60-day notice requirement.

Finally, the Court also grants Next Era Energy Resources, LLC's motion to dismiss. Petrowsky's Amended Complaint alleges only that NextEra played a role in gaining approval of the various wind energy farms, but it does not allege that NextEra directly owns or operates the wind farms in question. Therefore, NextEra cannot be subject to injunctive relief under this ESA citizen suit.

**IT IS THEREFORE ORDERED** that NextEra's Motion to Dismiss (Doc. 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that Edwin Petrowksy's claims against NextEra Capital Holdings, LLC, Kingman Wind Energy I, LLC, Kingman Wind Energy II, LLC, Ninnescah Wind Energy, LLC, Pratt Wind, LLC, NextEra Energy, Inc., Kingman Wind Holding I, LLC, Kingman Wind Holding II, LLC, and ESI Energy, LLC are **DISMISSED** sua sponte for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all of Lisa Petrowsky's claims are also **DISMISSED** sua sponte for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated this 21st day of June, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE